| Case No. | CV 11-1801 PSG (VBKx) | Date | July 28, 2011 |
|---|---|---|---|
| Title | Lino Pua, *et al*. v. Recontrust Company, *et al*. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Order GRANTING Defendants' motion to dismiss**

      Pending before the Court is Defendants Bank of America ("BOA"), Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2006-OA21("BONYM"), and Mortgage Electronic Registration Systems's ("MERS") (collectively, "Defendants")[1] motion to dismiss Plaintiffs' First Amended Complaint ("FAC"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers submitted in support of and in opposition to Defendants' motion, the Court GRANTS the motion.

I.     Background

      Plaintiffs Lino Pua and Esperanza Pua ("Plaintiffs") bring this action to set aside a foreclosure sale on grounds that the foreclosure proceedings initiated by Defendants are invalid based on Defendants' alleged lack of authority. The following facts are undisputed. On

---

[1] Although Recontrust Company, N.A. ("Recontrust") is also named as a defendant in Plaintiffs' First Amended Complaint ("FAC"), it filed a declaration of non-monetary status pursuant to California Civil Code Section 2924l and was thereby converted into a nominal party with no obligation to participate further in the proceeding. *See Woodcock v. MERS*, No. ED CV 10-1807 CAS (PLAx), 2011 U.S. Dist. LEXIS 21913, at *4 (C.D. Cal. Feb. 16, 2011); *Carbriales v. Aurora Loan Servs.*, No. C 10-161 MEJ, 2010 U.S. Dist. LEXIS 24726, at *3 (N.D. Cal. Mar. 2, 2010).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#38
JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1801 PSG (VBKx) | Date | July 28, 2011 |
|---|---|---|---|
| Title | Lino Pua, *et al*. v. Recontrust Company, *et al*. | | |

November 13, 2006, Plaintiffs refinanced their loan, and executed a promissory note for $612,000.00. *FAC* ¶ 11 [Dkt. #25 (Apr. 19, 2011)]. As security for the loan, Plaintiffs signed a Deed of Trust ("DOT") against the subject property. *FAC* ¶ 11, Ex. A (Deed of Trust). The DOT identified Plaintiffs as the borrowers; Jayco Capital Group as the lender; Alliance Title Company as the Trustee; and MERS as the beneficiary. *Id.* It further explained that MERS "is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns." *Id.*

The Complaint goes on to assert that on April 26, 2010, MERS executed a Substitution of Trustee, in which ReconTrust replaced Alliance Title Company as Trustee under the DOT. *FAC* ¶ 17, Ex. D (Substitution of Trustee). On or about August 30, 2010, however, MERS, as a nominee for Jayco, the lender, assigned the DOT to BONYM. *FAC* ¶ 13, Ex. B (Assignment of Deed of Trust). The Assignment of Deed of Trust was then recorded in Los Angeles County on or about September 28, 2010. *Id.* Plaintiffs' home was subsequently sold at a Trustee's sale on February 3, 2011. *FAC* ¶ 19.

On January 28, 2011, Plaintiffs filed their initial Complaint against Defendants in state court. Defendants removed the action to federal court on March 2, 2011. *See* Dkt. #1 (Mar. 2, 2011). On April 19, 2011, Plaintiffs filed a First Amended Complaint asserting two causes of action: (1) to quiet title and set aside trustee's sale; and (2) for declaratory relief. Defendants subsequently moved to dismiss Plaintiffs' First Amended Complaint for failure to state claims upon which relief could be granted. *See* Dkt. # 38 (May 24, 2011).

II.     Legal Standard

Pursuant to Rule 12(b)(6), a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules of Civil Procedure require that the complaint merely contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, —U.S.—, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl.*

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

*#38*
*JS-6*

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1801 PSG (VBKx) | Date | July 28, 2011 |
|---|---|---|---|
| Title | Lino Pua, *et al*. v. Recontrust Company, *et al*. | | |

*Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim to relief. *See id*.

In deciding a Rule 12(b)(6) motion, the Court must engage in a two-step analysis. *See id*. at 1950. First, the Court must accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). Based upon these allegations, the Court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc*., 579 F.3d 943, 949 (9th Cir. 2009). Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must determine whether the complaint alleges a plausible claim to relief. *See Iqbal*, 129 S.Ct. at 1950. Despite the liberal pleadings standards of Rule 8, conclusory allegations will not save a complaint from dismissal. *See id.*

Finally, the Court notes that in ruling on a motion to dismiss, the Court may consider documents outside the pleadings without the proceeding turning into summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). In particular, the Court may consider (a) documents that are "properly submitted as part of the complaint," (b) documents on which plaintiff's complaint necessarily relies and whose authenticity is not contested, and (c) "matters of public record" of which the court may take judicial notice under Rule 201 of the Federal Rules of Evidence. *See id*. (internal quotations omitted).

III.   Discussion

Defendants' moving papers identify three discrete bases upon which the Complaint should be dismissed. First, they argue that the Complaint fails in its entirety because Plaintiffs have not complied with California's so-called "tender rule." Second, they contend that Plaintiffs' claims fail because they are based on a theory about MERS that is wrong as a matter of law. Finally, Defendants maintain that each of the causes of action is inadequately pled. As explained below, the Court agrees and finds that Plaintiffs fail to state any plausible claims upon which relief could be granted.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#38
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1801 PSG (VBKx) | Date | July 28, 2011 |
|---|---|---|---|
| Title | Lino Pua, *et al*. v. Recontrust Company, *et al*. | | |

A. <u>Claim to Quiet Title and Set Aside Trustee's Sale (First Cause of Action)</u>[2]

Plaintiffs' first cause of action for quiet title and to set aside the trustee's sale is based on allegations that because "Defendants were not the real parties in interest" they thus "did not have the right or the authority to enforce the subject Note or to initiate non-judicial foreclosure proceedings as against Plaintiffs' home." *FAC* ¶ 12. This claim, however, fails on multiple grounds. First, it is well-settled that a plaintiff cannot bring a quiet title claim without first alleging tender of the amount owed to the defendant. *Ricon v. Recontrust Co.*, No. 09cv937-IEG-JMA, 2009 WL 2407396, at *6 (S.D. Cal. Aug. 4, 2009) ("In order to allege a claim to quiet title, Plaintiff must allege tender or offer of tender of the amounts borrowed"). California courts have likewise held that "an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." *Arnolds Management Corp. v. Eischen*, 158 Cal. App. 3d 575, 581, 205 Cal. Rptr. 15 (1984); *Grant v. Aurora Loan Servs.*, No. 2:09-cv-08174-MMM, 2010 U.S. Dist. LEXIS 98034, at *25–26 (C.D. Cal. Sept. 10, 2010).

Here, although Plaintiffs allege that they are "ready and willing to tender the underlying debt in reasonable monthly installments *based upon the current fair market value* of the subject real property[,]" *FAC* ¶ 23 (emphases added), such allegations fall short of satisfying the tender rule. The law specifically requires a plaintiff to allege that he offered to tender the *full* amount owed to sustain a cause of action regarding any aspect of the foreclosure sale procedure. *See, e.g.*, *Fammilop v. Wells Fargo Bank*, N.A., No. 2:10-cv-5977-AHM, 2011 U.S. Dist. LEXIS 3249, at *8 (C.D. Cal. Jan. 4, 2011); *Guerrero v. Greenpoint Mortg. Funding*, Inc. 403 Fed. App'x 154, 157 (9th Cir. 2010) (holding that plaintiffs "lacked standing to bring a claim for 'wrongful foreclosure,' because they failed to allege actual, full, and unambiguous tender of the debt owed on the mortgage") (internal citations omitted). As one California court (astutely) noted in rejecting a conditional allegation of tender in 1971, "[e]ven in California, there is a probability that property may diminish in value." *Karlsen v. American Sav. & Loan Assn.*, 15 Cal. App. 3d 112, 120, 92 Cal. Rptr. 851, 856 (1971). Plaintiffs' allegation is not an unconditional statement of tender, nor do Plaintiffs adequately allege their ability to tender the

---

[2] Although a claim for quiet title and a claim to set aside a trustee's sale are analytically distinct, Plaintiffs' first cause of action lumps them together. Because both claims fail on the same grounds, the Court analyzes them together as well.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#38
JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 11-1801 PSG (VBKx) | Date | July 28, 2011 |
|---|---|---|---|
| Title | Lino Pua, *et al*. v. Recontrust Company, *et al*. | | |

amount owed. Accordingly, the Court concludes that the pleading does not satisfy the tender rule.

In opposing Defendants' motion, Plaintiffs protest that they were not required to comply with the tender rule because "the tender rule does not apply in the context of void sales," which, they assert, "is the case at bar." *Opp.* 3:18-19. Plaintiffs rely primarily on two cases in support of this contention: *Kurek v. Am.'s Wholesale Lender,* No. C 10-2155, 2010 WL 2978168 (N.D. Cal. July 26, 2010), and *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 121 Cal. Rptr. 3d 819 (2011). Such reliance, however, is misplaced. *Kurek* holds that tender is not required where fraud or forgery is involved in the "consummation of the underlying debt." 2010 WL 2978168, at *1 (internal citations omitted). Here, Plaintiffs do not attack the validity of the underlying debt. Their claim, rather, arises from allegations that MERS allegedly improperly appointed ReconTrust as the successor trustee. Plaintiffs also err in relying on *Gomes* to justify their failure to adequately allege tender. The *Gomes* court did not even consider whether the tender rule was applicable. *Gomes,* 192 Cal. App. 4th at 1157 n.8 ("As we sustain the demurrer on another ground, we need not and do not consider whether, as the trial court rules, the first cause of action fails on the ground that Gomes has not pled that he is prepared to tender the amount owing on the note."). Accordingly, the Court is not persuaded that either case justifies excusing Plaintiffs from satisfying the tender requirement.

Even if Plaintiffs had adequately alleged tender, however, they still could not maintain a claim against Defendants. Plaintiffs' claims, at bottom, rests on a legally misguided theory: that because MERS was required to act solely as a nominal beneficiary, it did not have authority under the DOT to substitute ReconTrust as Trustee.[3] *FAC* ¶¶ 17–18. State and federal courts,

---

[3] To the extent that Plaintiffs' first cause of action is premised on allegations that assignment of DOT is invalid as a result of Defendant BONYM's failure to comply with terms in a Pooling and Servicing agreement (PSA), *FAC* ¶¶13-16, Exs. B, C, it too is deficient. Because Plaintiffs were not parties to the PSA, the alleged violations do not affect the validity of the assignment. *See In re Samuels*, 415 B.R. 8, 22 (D. Mass. 2009) (holding that an alleged failure to follow protocol set forth in the PSA did not render the assignment under the PSA invalid); *Bridge v. Aames Capital Corp.,* No. 1:09 CV 2947, 2010 WL 3834059, at *5 (N.D. Ohio Sept. 29, 2010) ("Given that Plaintiff was not a party to the assignment of the Mortgage between [lender] and [assignee], neither of which dispute the validity of the assignment, and has not and will not suffer any new injury nor face any obligation different from what was owed when [the lender] held the note,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

#38
JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 11-1801 PSG (VBKx) | Date | July 28, 2011 |
|---|---|---|---|
| Title | Lino Pua, *et al*. v. Recontrust Company, *et al*. | | |

however, have repeatedly rejected similar challenges to MERS's authority. *See, e.g., Dancy v. Aurora Loan Servs*., LLC, No. 4:10-cv-2602-SBA, 2010 U.S. Dist. LEXIS 116513, at *9–10 (N.D. Cal. Nov. 2, 2010) (rejecting contention that MERS could not act as beneficiary under Deed of Trust); *Wurtzberger v. Resmae Mortg. Corp*., No. 2:09- cv-0178-GEB-DAD, 2010 U.S. Dist. LEXIS 51751, at *7–9 (E.D. Cal. Apr. 29, 2010) (same); *Derakhshan v. Mortg. Elec. Registration Sys.,* No. 08-CV-1185-AG, 2009 U.S. Dist. LEXIS 63176, at *18 (C.D. Cal. June 29, 2009) (same); *Gomes,* 192 Cal. App. 4th at 1157 ("Gomes's agreement [in the deed of trust] that MERS has the authority to foreclose thus precludes him from pursuing a cause of action premised on the allegation that MERS does not have the authority to do so.").

Here, it is undisputed that Plaintiffs signed a DOT expressly authorizing MERS to act as a nominee for the lender and its successors as well as a beneficiary of the DOT. *FAC,* Ex. A at 2. The DOT specifically provided that:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

*FAC,* Ex. A at 4. This contractual language in the DOT is consonant with numerous cases in which courts held that where MERS acts as a beneficiary under a deed of trust, it has the right to substitute a trustee. *See, e.g., Wurtzberger*, 2010 U.S. Dist. LEXIS 51751, at *13 (holding that MERS, as a beneficiary, had the authority to make a substitution of trustee); *Martinez v. Am.'s Wholesale Lender*, No. C 09-05630, 2010 U.S. Dist. LEXIS 23615, at *11 (N.D. Cal. Mar. 15, 2010) ("When MERS substituted defendant Recontrust as trustee in May 2008, MERS had the authority, as beneficiary, to make the substitution." ); *Lane v. Vitek Real Estate Indus. Group*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010); *Morgera v. Countrywide Home Loans, Inc.,* No. Civ. 2:09-01476 MCE GGH, 2010 WL 160348, at *8 (E.D. Cal. Jan. 11, 2010); *Pantoja v. Countrywide Home Loans, Inc.,* 640 F. Supp. 2d 1177 (N.D. Cal. 2009); *Kachlon v. Markowitz,*

---

Plaintiff does not have standing to assert her claim.").

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#38
JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 11-1801 PSG (VBKx) | Date | July 28, 2011 |
|---|---|---|---|
| Title | Lino Pua, *et al*. v. Recontrust Company, *et al*. | | |

168 Cal. App. 4th 316, 334-35, 85 Cal. Rptr. 3d 532 (2008). Therefore, as a beneficiary of the DOT, MERS properly substituted ReconTrust as Trustee. *See FAC,* Ex. D.

Nor is Plaintiffs' first cause of action rescued by their unsubstantiated assertion that the substitution of the trustee was invalid because the individual who signed the document on behalf of MERS, Randolyn Logan, was not an employee, officer or agent of MERS at the time the document was signed. *FAC ¶* 18(c). Plaintiffs provide no information whatsoever to support this contention. *See Gomes v. Countrywide Home Loans, Inc*., 192 Cal. App. 4th 1149, 1158-59, 121 Cal. Rptr. 3d 819 (2011) (holding that because "Gomes had no specific information about assignments of the Note, he would not be able to plead on information and belief, based on facts leading him to believe they were true") (internal quotations and citations omitted). To the contrary, Plaintiffs' own pleading contains evidence suggesting that Randolyn Logan was the Assistant Secretary of MERS at the relevant time period. *See FAC,* Ex. D.

Thus, based on the foregoing, the Court holds that Plaintiffs fail to state a plausible claim to quiet title or to set aside the trustee's sale. Plaintiffs' first cause of action is accordingly DISMISSED with prejudice.

B. Declaratory Relief (Second Cause of Action)

Plaintiffs' second cause of action for declaratory relief is based on allegations that the foreclosure sale must be set aside because "none of the Defendants had the right or the authority to initiate foreclosure on Plaintiffs' home *ab initio*." *FAC ¶¶* 27-28. This claim, too, is not cognizable. Declaratory relief is not an independent cause of action, but rather is a form of relief. *See Santos v. Countrywide Home Loans*, No. 2:09-02642-WBS-DAD, 2009 U.S. Dist. LEXIS 103453, at *13 (E.D. Cal. Nov. 6, 2009). As such, a claim for declaratory relief is improper where, as here, the claim merely replicates other substantive causes of action asserted in the pleading. *See Lai v. Quality Loan Service Corp*., No. 2:10-cv-02308 PSG, 2010 WL 3419179, at *3 (C.D. Cal. Aug. 26, 2010) ("The object of [declaratory relief] is to afford a new form of relief where needed and not to furnish a litigant with a second cause of action for determination of identical issues.") (internal quotations omitted). Because Plaintiffs' declaratory relief cause of action is predicated on the same deficient theory as their first cause of action – *i.e.*, that none of the Defendants had the right or authority to initiate foreclosure – the claim for declaratory relief is likewise improper.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#38**
**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1801 PSG (VBKx) | Date | July 28, 2011 |
|---|---|---|---|
| Title | Lino Pua, *et al*. v. Recontrust Company, *et al*. | | |

Accordingly, because Plaintiffs fail to state a plausible claim for declaratory relief, the Court DISMISSES Plaintiffs' second cause of action with prejudice.

IV.     Conclusion

Thus, based on the foregoing, Defendants' motion to dismiss Plaintiffs' First Amended Complaint is **GRANTED** without leave to amend.

**IT IS SO ORDERED.**